**FILED**

**MAY 2 1 2009**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| KEM EDWARDS D/B/A INTERSKIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CAUSE NO. A-07-CA-1008 RP |
| V. | § | |
| | § | |
| TERRIE WYATT, INDIVIDUALLY | § | |
| AND D/B/A ATWDESIGN, | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| JEFF EDWARDS, INDIVIDUALLY | § | |
| AND D/B/A BODYCUE, BODYQ, | § | |
| JUDGE THE WAITER, | § | |
| JUDGE THE SERVICE AND BIZOPS; | § | |
| KEM EDWARDS, INDIVIDUALLY | § | |
| AND D/B/A INTERSKIL, | § | |
| | § | |
| Counter-Defendants. | § | |

### VERDICT FORM

**QUESTION ONE**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, defamed Kem Edwards, doing business as Interskil, with respect to the email sent to Darin Hanks on or about September 4, 2007?

Answer "yes" or "no" _____NO_____

If you answer "yes" to Question One, complete Question Two.

If you answer "no" to Question One, do not answer Questions Two, Three or Four and proceed to Question Five.

**QUESTION TWO**

What sum of money, if paid now in cash, would fairly and reasonably compensate Kem Edwards, doing business as Interskil, for her injuries, if any, that were proximately caused by the statement referenced in Question One?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Injury to reputation sustained in the past.

Answer: _____

b. Injury to reputation that, in reasonable probability, will be sustained in the future.

Answer: _____

c. Mental anguish sustained in the past.

Answer: _____

d. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

e. Loss of income sustained in the past.

Answer: _____

f. Loss of income that, in reasonable probability, will be sustained in the future.

Answer: _____

If you awarded damages in Question Two, complete Question Three. If you awarded no damages in Question Two, do not complete Questions Three or Four and proceed to Question Five.

**QUESTION THREE**

Do you find by clear and convincing evidence that Terrie Wyatt, individually and doing business as aTWdesign, acted with malice when she defamed Kem Edwards, doing business as Interskil, with respect to the statement referenced in Question One above?

Answer "yes" or "no" _____

If you answer "yes" to Question Three, complete Question Four.

If you answer "no" to Question Three, do not answer Question Four and proceed to Question Five.

**QUESTION FOUR**

What amount of exemplary damages are recoverable by Kem Edwards, doing business as Interskil, to penalize Terrie Wyatt,  individually and doing business as aTWdesign, for acting with malice with respect to the statement referenced in Question One above?

Answer in dollars and cents for damages, if any.

Answer: _____

Proceed to Question Five.

**QUESTION FIVE**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, defamed Kem Edwards, doing business as Interskil, with respect to any Craigslist postings?

Answer "yes" or "no"  _NO_

If you answer "yes to Question Five, complete Question Six.

If you answer "no" to Question Five, do not answer Questions Six, Seven, or Eight and proceed to Question Nine.

**QUESTION SIX**

What sum of money, if paid now in cash, would fairly and reasonably compensate Kem Edwards, doing business as Interskil, for her injuries, if any, that were proximately caused by the statement referenced in Question Five?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Injury to reputation sustained in the past.

Answer: _____

b. Injury to reputation that, in reasonable probability, will be sustained in the future.

Answer: _____

c. Mental anguish sustained in the past.

Answer: _____

d. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

e. Loss of income sustained in the past.

Answer: _____

f. Loss of income that, in reasonable probability, will be sustained in the future.

Answer: _____

If you awarded damages in Question Six, complete Question Seven. If you awarded no damages in Question Six, do not complete Questions Seven or Eight and proceed to Question Nine.

**QUESTION SEVEN**

Do you find by clear and convincing evidence that Terrie Wyatt, individually and doing business as aTWdesign, acted with malice when she defamed Kem Edwards, doing business as Interskil, with respect to the statement referenced in Question Five above?

Answer "yes" or "no" _____

If you answer "yes" to Question Seven, complete Question Eight.

If you answer "no" to Question Seven, do not answer Question Eight and proceed to Question Nine.

**QUESTION EIGHT**

What amount of exemplary damages are recoverable by Kem Edwards, doing business as Interskil, to penalize Terrie Wyatt, individually and doing business as aTWdesign, for acting with malice with respect to the statement referenced in Question Five above?

Answer in dollars and cents for damages, if any.

Answer: _____

Proceed to Question Nine.

**QUESTION NINE**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, defamed Kem Edwards, doing business as Interskil, with respect to a Craigslist posting forwarded to Jan Hargrave on or about September 5, 2007?

Answer "yes" or "no" _____Yes_____

If you answer "yes" to Question Nine, complete Question Ten.

If you answer "no" to Question Nine, do not complete Questions Ten, Eleven or Twelve and proceed to Question Thirteen.

**QUESTION TEN**

What sum of money, if paid now in cash, would fairly and reasonably compensate Kem Edwards, doing business as Interskil, for her injuries, if any, that were proximately caused by the statement referenced in Question Nine?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Injury to reputation sustained in the past.

Answer: _____ $0 00 _____

b. Injury to reputation that, in reasonable probability, will be sustained in the future.

Answer: _____ $0 00 _____

c. Mental anguish sustained in the past.

Answer: _____ $0 00 _____

d. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____ $0 00 _____

e. Loss of income sustained in the past.

Answer: _____ $1000 00 _____

f. Loss of income that, in reasonable probability, will be sustained in the future.

Answer: _____ $187,500 00 _____

If you awarded damages in Question Ten, complete Question Eleven. If you awarded no damages in Question Ten, do not complete Questions Eleven or Twelve and proceed to Question Thirteen.

**QUESTION ELEVEN**

Do you find by clear and convincing evidence that Terrie Wyatt, individually and doing business as aTWdesign, acted with malice when she defamed Kem Edwards, doing business as Interskil, with respect to the statement referenced in Question Nine above?

Answer "yes" or "no"   _NO_____

If you answer "yes" to Question Eleven, complete Question Twelve.

If you answer "no" to Question Eleven, do not answer Question Twelve and proceed to Question Thirteen.

**QUESTION TWELVE**

What amount of exemplary damages are recoverable by Kem Edwards, doing business as Interskil, to penalize Terrie Wyatt,  individually and doing business as aTWdesign, for acting with malice with respect to the statement referenced in Question Nine above?

Answer in dollars and cents for damages, if any.

Answer: _____

Proceed to Question Thirteen.

**QUESTION THIRTEEN**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, defamed Kem Edwards, doing business as Interskil, with respect to an email sent to Colleen Bitner?

Answer "yes" or "no" _____NO_____

If you answer "yes" to Question Thirteen, complete Question Fourteen.

If you answer "no" to Question Thirteen, do not complete Questions Fourteen, Fifteen or Sixteen and proceed to Question Seventeen.

**QUESTION FOURTEEN**

What sum of money, if paid now in cash, would fairly and reasonably compensate Kem Edwards, doing business as Interskil, for her injuries, if any, that were proximately caused by the statement referenced in Question Thirteen?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Injury to reputation sustained in the past.

Answer: _____

b. Injury to reputation that, in reasonable probability, will be sustained in the future.

Answer: _____

c. Mental anguish sustained in the past.

Answer: _____

d. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

e. Loss of income sustained in the past.

Answer: _____

f. Loss of income that, in reasonable probability, will be sustained in the future.

Answer: _____

If you awarded damages in Question Fourteen, complete Question Fifteen. If you awarded no damages in Question Fourteen, do not complete Questions Fifteen or Sixteen and proceed to Question Seventeen.

**QUESTION FIFTEEN**

Do you find by clear and convincing evidence that Terrie Wyatt, individually and doing business as aTWdesign, acted with malice when she defamed Kem Edwards, doing business as Interskil, with respect to the statement referenced in Question Thirteen above?

Answer "yes" or "no" _____

If you answer "yes" to Question Fifteen, complete Question Sixteen.

If you answer "no" to Question Fifteen, do not answer Question Sixteen and proceed to Question Seventeen.

**QUESTION SIXTEEN**

What amount of exemplary damages are recoverable by Kem Edwards, doing business as Interskil, to penalize Terrie Wyatt, individually and doing business as aTWdesign, for acting with malice with respect to the statement referenced in Question Thirteen above?

Answer in dollars and cents, if any.

Answer: _____

Proceed to Question Seventeen.

**QUESTION SEVENTEEN**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, performed compensable work for Kem Edwards, individually and doing business as Interskil?

Answer "yes" or "no"    *NO*

If you answer "yes" to Question Seventeen, complete Question Eighteen.

If you answer "no" to Question Seventeen, do not complete Question Eighteen and proceed to Question Nineteen.

**QUESTION EIGHTEEN**

What is the reasonable value of such compensable work referenced in Question Seventeen at the time and place it was performed?

Answer in dollars and cents, if any.

Answer: _____

Proceed to Question Nineteen.

**QUESTION NINETEEN**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually and doing business as aTWdesign, performed compensable work for Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps.

Answer "yes" or "no" ___*NO*___

If you answer "yes" to Question Nineteen, complete Question Twenty.

If you answer "no" to Question Nineteen, do not complete Question Twenty and proceed to Question Twenty-One.

**QUESTION TWENTY**

What is the reasonable value of such compensable work referenced in Question Nineteen at the time and place it was performed?

Answer in dollars and cents, if any.

Answer: _____

Proceed to Question Twenty-One

**QUESTION TWENTY-ONE**

Do you find by a preponderance of the evidence that Kem Edwards, individually and doing business as Interskil, committed fraud against Terrie Wyatt, individually and doing business as aTWdesign?

Answer "yes" or "no"   _NO_

If you answer "yes" to Question Twenty-One, complete Question Twenty-Two.

If you answer "no" to Question Twenty-One, do not complete Questions Twenty-Two, Twenty-Three, or Twenty-Four and proceed to Question Twenty-Five.

**QUESTION TWENTY-TWO**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Terrie Wyatt, individually and doing business as aTWdesign, for her damages, if any, that resulted from the fraud referenced in Question Twenty-One?

Consider the following elements of damages, if any, and none other. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a. Reasonable and necessary expenditures made in the past.

Answer: _____

b. Reasonable and necessary expenditures that, in reasonable probability, will be made in the future.

Answer: _____

c. Loss of earning capacity sustained in the past.

Answer: _____

d. Loss of earning capacity that, in reasonable probability, will be sustained in the future.

Answer: _____

e. Mental anguish sustained in the past.

Answer: _____

f. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

g. Lost profits, sustained in the past, that were a natural, probable and foreseeable consequence of such fraud.

Answer: _____

h. Lost profits that, in reasonable probability, will be sustained in the future as a natural, probable and foreseeable consequence of such fraud.

Answer: _____

If you find damages in Question Twenty-Two, complete Question Twenty-Three.

If you find no damages in Question Twenty-Two, do not complete Questions Twenty-Three or Twenty-Four and proceed to Question Twenty-Five.

**QUESTION TWENTY-THREE**

Do you find by clear and convincing evidence that Kem Edwards, individually and doing business as Interskil, committed fraud against Terrie Wyatt, individually and doing business as aTWdesign?

Answer "yes" or "no" _____

If you answer "yes" to Question Twenty-Three, complete Question Twenty-Four.

If you answer "no" to Question Twenty-Three, do not complete Question Twenty-Four and proceed to Question Twenty-Five.

**QUESTION TWENTY-FOUR**

What sum of money, if any, if paid now in cash, should be assessed against Kem Edwards, individually and doing business as Interskil, and awarded to Terrie Wyatt, individually and doing business as aTWdesign as exemplary damages, if any, for the conduct found in response to Question Twenty-Three?

Answer in dollars and cents, if any.

Answer: _____

Proceed to Question Twenty-Five.

**QUESTION TWENTY-FIVE**

Do you find by a preponderance of the evidence that Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps committed fraud against Terrie Wyatt, individually and doing business as aTWdesign?

Answer "yes" or "no" ___*NO*___

If you answer "yes" to Question Twenty-Five, complete Question Twenty-Six.

If you answer "no" to Question Twenty-Five, do not complete Questions Twenty-Six, Twenty-Seven or Twenty-Eight and proceed to Question Twenty-Nine.

**QUESTION TWENTY-SIX**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Terrie Wyatt, individually and doing business as aTWdesign, for her damages, if any, that resulted from the fraud referenced in Question Twenty-Five?

Consider the following elements of damages, if any, and none other. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a. Reasonable and necessary expenditures made in the past.

Answer: _____

b. Reasonable and necessary expenditures that, in reasonable probability, will be made in the future.

Answer: _____

c. Loss of earning capacity sustained in the past.

Answer: _____

d. Loss of earning capacity that, in reasonable probability, will be sustained in the future.

Answer: _____

e. Mental anguish sustained in the past.

Answer: _____

f. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

g. Lost profits, sustained in the past, that were a natural, probable and foreseeable consequence of such fraud.

Answer: _____

h. Lost profits that, in reasonable probability, will be sustained in the future as a natural, probable and foreseeable consequence of such fraud.

Answer: _____

If you find damages in Question Twenty-Six, complete Question Twenty-Seven.

If you find no damages in Question Twenty-Six, do not complete Questions Twenty-Seven or Twenty-Eight and proceed to Question Twenty-Nine.

**QUESTION TWENTY-SEVEN**

Do you find by clear and convincing evidence that Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps committed fraud against Terrie Wyatt, individually and doing business as aTWdesign?

Answer "yes" or "no" _____

If you answer "yes" to Question Twenty-Seven, complete Question Twenty-Eight.

If you answer "no" to Question Twenty-Seven, do not complete Question Twenty-Eight and proceed to Question Twenty-Nine.

**QUESTION TWENTY-EIGHT**

What sum of money, if any, if paid now in cash, should be assessed against Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps and awarded to Terrie Wyatt, individually and doing business as aTWdesign as exemplary damages, if any, for the conduct found in response to Question Twenty-Seven?

Answer in dollars and cents, if any.

Answer: _____

Proceed to Question Twenty-Nine.

**QUESTION TWENTY-NINE**

Do you find by a preponderance of the evidence that Terrie Wyatt, individually or doing business as aTWdesign, has proven that she owns a copyright on the materials at issue in this case?

Answer "yes" or "no" ___Yes___

If you answer "yes" to Question Twenty-Nine, complete Question Thirty.

If you answer "no" to Question Twenty-Nine, do not complete Questions Thirty and Thirty-One and proceed to the final page.

31

**QUESTION THIRTY**

Do you find by a preponderance of the evidence that either of the parties below infringed on the original elements of the copyrighted materials owned by Terrie Wyatt, individually and doing business as aTWdesign, at issue in this case?

Answer "yes" or "no" for each of the parties below.

a. Kem Edwards, individually and doing business as Interskil.

Answer "yes" or "no" ___NO___

b. Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps.

Answer "yes" or "no" ___NO___

If you answer "yes" to any part of Question Thirty, complete Question Thirty-One.

If you answer "no" to all parts of Question Thirty, do not complete Question Thirty-One and proceed to the final page.

**QUESTION THIRTY-ONE**

What sum of money, if any, do you find by a preponderance of the evidence should be awarded to Terrie Wyatt, individually and doing business as aTWdesign, as actual damages for the infringement found in response to Question Thirty?

Answer only for each party on which you answered "yes" in Question Thirty.

Answer in dollars and cents, if any.

a. Kem Edwards, individually and doing business as Interskil.

Answer: _____

b. Jeff Edwards, individually and doing business as Interskil, Bodycue, BodyQ, Judge the Service, Judge the Waiter, and BizOps.

Answer: _____

Proceed to the final page.

We, the jury, unanimously answered the preceding questions by a preponderance of the evidence or clear and convincing evidence as required by each question.

Submitted the 21st day of May, 2009, at 2:55 o'clock P .m.

_____
PRESIDING JUROR